IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERA FRANCHISE SYSTEMS, INC.,

        Plaintiff,

vs.

No. CIV S-07-0982 FCD EFB

GOLD NUGGET REALTORS, INC., ET AL.,

        Defendants.

ORDER

/

This case was before the undersigned on plaintiff's Rule 37(a) motion to compel discovery responses from defendants. Plaintiff was excused from filing a joint statement pursuant to Local Rule 37-251(e), given defendants' complete failure to respond to the propounded discovery. *See* L.R. 37-251(e); Declaration of Catherine L. Manske ("Manske Decl."), ¶¶ 2-10. Pursuant to the local rule, defendants were to file a response or opposition to plaintiff's motion not later than five court days before the hearing. *Id*. They failed to do so.[1]

////

---

[1] On June 2, 2008, defense counsel filed an *ex parte* application requesting permission to appear telephonically at the hearing previously set for June 4, 2008. While the application cited distance and personal reasons for counsel's inability to travel, it contained no request to file a late opposition, nor did it contain any arguments in opposition to the motion.

1

Accordingly, the court vacated the hearing, and construed defendants' failure to oppose the motion as a statement of non-opposition thereto. *See* L.R. 78-230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").[2]

Based on the foregoing, the court finds it appropriate to grant plaintiff's motion in full. Based on plaintiff's counsel's declaration, defendants Edward Bailey and Lynn Reeve have failed to serve any responses or objections to interrogatories, requests for production of documents, and requests for admission, which were served on them by plaintiff in January 23, 2008. *See* Manske Decl., ¶¶ 2-10. Despite several extensions of time, defendants have failed to serve any responses to the discovery. *Id.*

Accordingly, IT IS ORDERED that:

1. Plaintiff's May 16, 2008, Rule 37(a) motion to compel is granted.

2. Defendants Lynn Reeve and Edward Bailey shall serve verified responses, without objections, to the interrogatories served on them on January 23, 2008, within ten days from the date of service of this order. *See* Fed. R. Civ. P. 33 (b)(4).

3. Defendants Lynn Reeve and Edward Bailey shall serve written responses, without objections, to the requests for production of documents served on them on January 23, 2008, within ten days from the date of this order. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to object to discovery requests within time required constitutes waiver).

---

[2] The court reads Local Rule 37-251(e) together with Local Rule 78-230(c). Although Local Rule 37-251(e) does not provide the same warnings as Rule 78-230(c) regarding failure to file a motion, common sense dictates that they be read together. Rule 37-251(e) requires a response to a motion to compel to be filed no later than five days before the hearing. Where a party fails to file such a response, there is no response or opposition to consider, and oral argument would accomplish little, if anything. Accordingly, the court finds it appropriate to apply Local Rule 78-230(c), which provides that failure to oppose a motion waives the right to a hearing. Moreover, Local Rule 11-110 provides for a wide array of sanctions for failure to abide by the Local Rules.

4. The requests for admission served on defendants Lynn Reeve and Edward Bailey shall be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

5. Plaintiff's request for an award of fees and costs incurred in making the motion is hereby granted. Defendants or their counsel shall reimburse plaintiff for costs in the amount of $940.50. *See* Manske Decl., ¶ 11; *see* Fed. R. Civ. P. 37(a)(5).

DATED: June 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3