UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERA FRANCHISE SYSTEMS, INC.,

        Plaintiff,

   v.

GOLD NUGGET REALTORS, INC., et al.,

        Defendants.

NO. CIV. S-07-982 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' request for reconsideration by the district judge of the magistrate judge's June 12, 2008 order, granting plaintiff's motion to compel and awarding plaintiff attorneys fees and costs in the amount of $940.50 ("Order").[1]  E.D. Cal. L.R. 72-303(c).  The magistrate judge granted plaintiff's motion based on defendants' failure to file an opposition to the motion.  (Order at 2 n. 2.)  Defendants argue the magistrate judge committed clear error because

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

plaintiffs' motion to compel was not properly noticed in accordance with Local Rule 78-230, and defendants had no opportunity to timely respond to the motion.

A magistrate judge's non-dispositive order shall be upheld unless the court finds the order "clearly erroneous or contrary to law." Id. at 72-303(f). Here, this court cannot make this finding as the magistrate judge's Order correctly applied the notice requirements of Local Rule 37-251, governing discovery motions. Local Rule 37-251(f) expressly provides: "By reason of the notice provisions set forth in paragraphs (a) and (e) [of Rule 37-251], the provisions of L.R. 78-230 shall not apply to motions and hearing[s] dealing with discovery matters." Thus, defendants improperly rely on Rule 78-230. Rule 37-251 governs the underlying motion to compel.

As to that motion, Rule 37-251(e) provides that where there has been a "complete and total failure to respond to a discovery request or order," as was the case here,[2] the "aggrieved party may bring a motion for relief for hearing on [14] days notice by personal service or [17] days notice by mail or electronic means." The responding party must file its response to the motion "not later than [5] court days prior to the hearing date." E.D. Cal. L.R. 37-251(e).

In this case, plaintiff filed its motion to compel on May 16, 2008, serving the motion by electronic means that same day.

---

[2] It is of no avail that defendants have now sent their discovery responses. (See Reply Decl., filed Aug. 1, 2008, where counsel attests he has served defendants' responses on plaintiff's counsel.) At the time of the motion to compel, there had been no response by defendants, and thus, Rule 37-251(e) provided the applicable notice requirements.

2

Plaintiff set the matter for hearing on June 4, 2008, thus giving defendants 19 days notice of the hearing. When defendants failed to file an opposition to the motion by May 28, 2008, the magistrate judge properly vacated the hearing and granted the motion based on defendants' failure to respond.[3]

Accordingly, the court finds no basis to reconsider the magistrate judge's June 12, 2008 Order, and it HEREBY DENIES defendants' motion for reconsideration by the district judge (Docket #25).

IT IS SO ORDERED.

DATED: August 5, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] For the first time in the reply, defendants' counsel describes that due to his spouse's serious health condition, he was unable to meet the discovery deadlines in this case; however, if counsel was unable to meet his duties in this case, it was incumbent upon him to seek relief from the court, via, for example, a request for a stay of the proceedings or a motion to withdraw as counsel. Failing to respond to deadlines in the case was not an appropriate response, and under the applicable rules, the magistrate judge's decision was well supported.